IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC NARANJO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:24-cv-283 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| PENNSYLVANIA BOARD OF | ) | |
| PROBATION AND PAROLE, *et al.* | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 11) filed by Isaac Naranjo ("Petitioner") under 28 U.S.C. § 2254. Petitioner, who is proceeding *pro se*, challenges the August 7, 2023, decision of the Pennsylvania Parole Board ("the Board") to deny him parole. For the reasons below, the Court will deny the petition as moot and will deny a certificate of appealability.

**I.   Relevant Background**

In 2003, Petitioner was convicted in the Court of Common Pleas of Philadelphia County of, among other things, attempted murder, aggravated assault, and burglary. The parties represent that Petitioner is serving a sentence with an aggregate term of 20 to 40 years' imprisonment for the above-described convictions. (ECF No. 23 at 1; ECF No. 29 ¶ 1.) He sought and was subsequently denied parole by the Board on July 12, 2021, August 8, 2022, and August 7, 2023. (ECF No. 23-4 ; ECF No. 23-5, and ECF No. 23-6.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Petitioner commenced this litigation by filing a petition for habeas corpus on February 28, 2024. (ECF No. 1.) He was then directed to file a petition on the standard form (ECF No. 2) and subsequently did so. (ECF No. 11.) Respondents filed an answer (ECF No. 23) and Petitioner filed a reply and a supplement thereto. (ECF Nos. 29 and 30.)

## II. Discussion

In the operative petition, Petitioner challenges the August 7, 2023, decision of the Board, asserting that it violated his rights to substantive due process, equal protection, and to be free from double jeopardy. Subsequent to the filing of this Petition, however, the Board reviewed the matter of Petitioner's potential parole in 2024 and 2025 and issued two additional denials of parole.[2]

On a habeas challenge to the denial of parole, a federal district court may not grant parole or determine parole eligibility. *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." *Id*.

Petitioner challenges the Board's August 7, 2023 decision. The only relief this Court could have awarded to Petitioner based on his Petition would have been to correct any wrongful conduct by ordering a new parole hearing. However, he has received two additional parole hearings since the filing of his habeas petition, neither of which is challenged here. Therefore, his challenge to the Board's prior denial of parole on August 7, 2023 is moot. *See Weiler v. Overmyer*, Civ. A. No. 21-303, 2024 WL 3327771 (W.D. Pa. 2024) (collecting cases).

As a result, the petition will be denied.

---

[2] The 2024 decision can be found at ECF No. 23-10 at 15-16. That decision notes that Petitioner was to be reviewed in or after July 2025. (*Id.* at 15.) The records department at SCI Frackville, where Petitioner is located, confirmed to this Court that he was reviewed in 2025 and was again denied parole on August 1, 2025.

The Antiterrorism and Effective Death Penalty Act of 1996 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as moot. Thus, a certificate of appealability will be denied with respect to his claims.

For these reasons, the Court will deny the petition as moot and will deny a certificate of appealability.

An appropriate Order follows.

Date:   February 6, 2026                    /s/ Patricia L. Dodge
                                            PATRICIA L. DODGE
                                            United States Magistrate Judge